## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |  |
|---|---|---|
| CAMBRIDGE EDUCATIONAL CENTER, INC., | ) | **FILED** |
|  | ) | 2011 SEP 16 P 1: 25 |
| Plaintiff, | ) | CLERK US DISTRICT COURT |
|  | ) | ALEXANDRIA. VIRGINIA |
| v. | ) | Civil Action No. 1:11 cv 996 |
|  | ) | GBL/TRJ |
| CHUNGSU JEON, a.k.a. ANDY JEON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Cambridge Educational Center, Inc. ("CECI"), by its attorneys, as and for its Complaint for Injunctive Relief and Damages ("Complaint") against Defendant Chungsu Jeon, also known as Andy Jeon, states as follows:

### Nature of the Case

1.      This is an action for breach of contract.  CECI seeks, among other things, a preliminary and permanent injunction enforcing the post-termination obligations set forth in the franchise agreements entered into by and between Defendant and CECI, including, without limitation, Defendant's post-termination covenant not to compete set forth in the franchise agreement governing Defendant's former franchised location in Cedar Park, Texas.  CECI also seeks the damages it has incurred as a result of Defendant's breaches of contract, including amounts past due and owing to it under the franchise agreements and promissory note, as well as lost future royalties under the franchise agreements.

**Parties**

2.       CECI is a Virginia corporation with its principal place of business in Duluth, Georgia.  CECI's regional business center is located in Sterling, Virginia.  CECI conducts training and on-going test analysis, stores inventory, and hosts regional meetings at its Sterling, Virginia business center.  CECI, either directly or through its affiliates, is engaged in the business of operating, and granting franchises to qualified persons to operate, C2® Educational Centers using CECI's distinctive business format and system of operations (the "CECI System"), as well as CECI's proprietary names and marks (the "CECI Marks").  C2® Educational Centers provide educational learning services, including, without limitation, test preparation, college preparatory programs, academic achievement learning programs, enrichment programs, tutoring, and other related services and goods.

3.       Upon information and belief, Defendant Chungsu Jeon, also known as Andy Jeon, is a citizen and resident of the state of Texas.

**Jurisdiction and Venue**

4.       The Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states and wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.       Venue is proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.  Defendant also agreed that CECI could institute any action against him in a federal court in Virginia, and consented to both jurisdiction and venue in this Court.

**The Parties' Franchise Agreements**

6.      On or about January 7, 2008, CECI, as franchisor, and Defendant Chungsu Jeon, also known as Andy Jeon, as franchisee, entered into a written C2® Educational Centers Franchise Agreement pursuant to which CECI granted Defendant and Defendant agreed to operate, for an initial ten (10) year term, a franchised C2® Educational Center at 500 Cypress Creek Road, Suite 120, in Cedar Park, Texas (the "Cedar Park Franchise Agreement") and to use the CECI System and CECI's Marks in connection therewith, all as fully set forth in the Cedar Park Franchise Agreement.  (A true and correct copy of the Cedar Park Franchise Agreement is attached hereto as Exhibit A.)

7.      Around eleven (11) months later, on December 15, 2008, CECI entered into another written C2® Educational Centers Franchise Agreement with Defendant Chungsu Jeon, also known as Andy Jeon, pursuant to which CECI granted Defendant and Defendant agreed to operate, for an initial ten (10) year term, a franchised C2® Educational Center at 2900 West Anderson Lane, Suite K, in Austin, Texas (the "Austin Franchise Agreement"), and to use the CECI System and CECI's Marks in connection therewith, all as fully set forth in the Austin Franchise Agreement.  (A true and correct copy of the Austin Franchise Agreement is attached hereto as Exhibit B.)

8.      In exchange for the right to own and operate C2® Educational Centers, Defendant agreed in the Franchise Agreements, among other things, to pay to CECI certain fees, including royalty fees and advertising fees.  (Franchise Agreements, §§ 3.2, 9.1.)  In particular, Defendant agreed to pay to CECI a royalty in the amount of eight (8) percent of Gross Revenue each Accounting Period, as those terms are defined in the Franchise Agreements, and pay interest on any late payments. (Franchise Agreements, §§ 3.2, 3.4.)

9.     Pursuant to the Franchise Agreements, CECI made available to Defendant its proprietary Operations Manual and other confidential information, for use by Defendant exclusively in connection with the operation of his franchised C2® Educational Centers. (Franchise Agreements, §§ 4.5, 6.1, and 6.2.)

10.    CECI's Operations Manuals contain proprietary and confidential information describing the operational policies and procedures of authorized C2® Educational Centers. These manuals were developed at great expense over many years and are provided solely to authorized CECI franchisees for use exclusively in connection with the operation of authorized C2® Educational Centers.

11.    Defendant agreed that, upon termination of each Franchise Agreement for any reason, Defendant would, among other things, (i) pay to CECI, within fifteen (15) days after the effective date of termination, all amounts past due and owing to CECI, and (ii) return to CECI all copies of the Operations Manual and any other confidential materials CECI provided to him and cease using all such confidential information in any other business.  (Franchise Agreements, §§ 15.1, 15.3.)

12.    Defendant further agreed in the Franchise Agreements that for a period of three (3) years commencing on the effective date of termination (or the date Defendant begins to comply with the covenant not to compete, whichever is later), Defendant would not have any direct or indirect interest as a disclosed or beneficial owner, investor, partner, director, officer, employee in a management or sales capacity, consultant, representative or agent, or in any other capacity, in any "Competitive Business" operating (i) at Defendant's locations, (ii) within twenty-five (25) miles of Defendant's locations, or (iii) within five (5) miles of any other C2® Educational Center in operation or under construction on the later of the effective date of the

termination or the date on which Defendant complies with the covenant. (Franchise Agreements, § 15.4.) "Competitive Business" is defined in Section 7.2 of the Franchise Agreements as "any business operating, or granting franchises or licenses to others to operate, any business which is similar to [a C2® Educational Center] (other than a C2® Educational Centers business operated under a franchise agreement with [CECI])." (Franchise Agreements, § 7.2.)

13.     Defendant acknowledged in the Franchise Agreements that he possessed skills and abilities of a general nature and had other opportunities for exploiting such skills and, consequently, the enforcement of the covenant not to compete would not deprive Defendant of his personal goodwill or ability to earn a living. (Franchise Agreements, § 7.2.)

14.     Defendant also agreed to pay the reasonable attorneys' fees and expenses incurred by CECI in connection with the enforcement of Defendant's obligations under the Franchise Agreements. (Franchise Agreements, § 17.9.)

15.     CECI has fully performed all of its obligations under the Franchise Agreements.

## The Promissory Note

16.     On or about January 12, 2009, and in order to finance Defendant's acquisition of certain textbooks for his C2® Educational Centers, Defendant executed a Promissory Note For Textbooks ("Promissory Note"), pursuant to which Defendant promised to pay to CECI the principal sum of forty-five thousand dollars ($45,000), plus interest. (A true and correct copy of the Promissory Note is attached hereto as Exhibit C.)

17.     Defendant agreed in the Promissory Note that the entire unpaid principal balance and accrued interest shall become immediately due and payable, without presentment, demand, protest, or other formalities, in the event that Defendant defaulted on his payment obligations

under the Note and failed to cure such default within thirty (30) days of CECI providing written notice of the default.

18.    Defendant also agreed to pay all costs and expenses including, without limitation, court costs and reasonable attorneys' fees incurred by CECI in connection with collection or enforcement of the Promissory Note.

### Defendant's Breaches of the Franchise Agreements and Promissory Note

19.    Defendant failed to make the payments required under the Franchise Agreements and the Promissory Note.

20.    In February 2011, CECI advised Defendant by written Notice of Default that he was in default of his obligations under the Cedar Park Franchise Agreement. The default was based on his failure to pay fees due and owing to CECI under the Cedar Park Franchise Agreement.

21.    Also in February 2011, CECI advised Defendant by written Notice of Default that he was in default of his obligations under the Austin Franchise Agreement and the Promissory Note. The defaults were based on his failure to pay fees due and owing to CECI under the Austin Franchise Agreement, as well as Defendant's failure to make his required payments under the Promissory Note.

22.    Despite the Notices, and the numerous opportunities that CECI gave Defendant to cure his breaches, he failed to do so.

### Defendant's Abandonment and Termination of the Franchise Agreements

23.    The terms of Defendant's Franchise Agreements were not scheduled to expire until 2018.

24.    In or around May 2011, however, Defendant ceased operating both of his C2®

Educational Centers without permission or authorization from CECI, thereby terminating both

Franchise Agreements without cause.

### Defendant's Breaches of His Post-Termination Obligations

25.    Notwithstanding the post-termination covenant not to compete set forth in the

Cedar Park Franchise Agreement, on or around June 1, 2011, Defendant began operating a

business named "Agape Academy" at 915 W. Parker Road, #308, in Plano, Texas.  Agape

Academy provides tutoring and educational services similar to the tutoring and educational

services that C2® Educational Centers provide to their students.  Defendant's "Agape Academy"

business is located less than five (5) miles from the company-owned C2® Educational Center

located at 4709 W. Parker Road, #490, in Plano, Texas.

26.    Moreover, and despite his agreement to cease using and return all confidential

information to CECI upon termination of the Franchise Agreements, Defendant has failed to

return to CECI all of the confidential information that CECI provided to Defendant in connection

with the operation of his franchised businesses, including CECI's confidential Operations

Manual.

## COUNT I

### BREACH OF THE CEDAR PARK FRANCHISE AGREEMENT – INJUNCTIVE RELIEF

27.    CECI repeats and realleges ¶¶ 1 through 26 of its Complaint as and for this ¶ 27,

as if fully set forth herein.

28.     Defendant's operation of a similar business within five miles of a C2® Educational Center constitutes a breach of the covenant not to compete set forth in the Cedar Park Franchise Agreement.

29.     Unless ordered by the Court to comply with his post-termination covenant not to compete under the Cedar Park Franchise Agreement, Defendant will continue to breach his post-termination covenant not to compete.

30.     Unless Defendant is ordered to comply with his post-termination covenant not to compete under the Cedar Park Franchise Agreement, CECI is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill, for which CECI has no adequate remedy at law.  The harm to CECI's goodwill is difficult to quantify, and therefore money damages alone cannot adequately, completely, and fully compensate CECI for the harm caused by Defendant's misconduct.

31.     This threat of future injury to CECI's business identity, goodwill, and reputation requires that Defendant be ordered to comply with his post-termination covenant not to compete under the Cedar Park Franchise Agreement to prevent Defendant's continued breach and to ameliorate and mitigate CECI's injury.

## COUNT II

### BREACH OF BOTH FRANCHISE AGREEMENTS – INJUNCTIVE RELIEF

32.     CECI repeats and realleges ¶¶ 1 through 31 of its Complaint as and for this ¶ 32, as if fully set forth herein.

33.     Defendant has breached his post-termination obligations under both Franchise Agreements by failing to return to CECI all of the confidential materials that CECI provided to Defendant, including, without limitation, CECI's confidential Operations Manual.

34.     Unless ordered by the Court to comply with his post-termination obligations under the Franchise Agreements, Defendant will continue to breach his post-termination obligations.

35.     Unless Defendant is ordered to comply with his post-termination obligations under the Franchise Agreements, CECI is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill, for which CECI has no adequate remedy at law.  The harm to CECI's goodwill is difficult to quantify, and therefore money damages alone cannot adequately, completely, and fully compensate CECI for the harm caused by Defendant's misconduct.

36.     This threat of future injury to CECI's business identity, goodwill, and reputation requires that Defendant be ordered to comply with his post-termination obligations under the Franchise Agreements to prevent Defendant's continued breach and to ameliorate and mitigate CECI's injury.

### COUNT III

### BREACH OF CONTRACT - DAMAGES

37.     CECI repeats and realleges ¶¶ 1 through 36 of its Complaint as and for this ¶ 37, as if fully set forth herein.

38.     Defendant has breached the Franchise Agreements by failing and refusing to pay to CECI the fees due and owing to CECI under the Franchise Agreements.

39.     As a direct and proximate result of Defendant's failure and refusal to comply with his contractual obligations under the Franchise Agreements, CECI has suffered damages, including the amounts past due and owing to CECI through the date of termination.

40.    Moreover, as a direct and proximate result of Defendant's breaches of the Franchise Agreements, CECI has suffered additional damages, including the loss of advertising fees and lost future royalty fees that CECI would have earned for the remainder of the terms of the Franchise Agreements but for Defendant's breaches thereof.

41.    Defendant has also breached the Promissory Note by failing and refusing to pay to CECI the amounts due and owing to CECI under the Note.

42.    As a direct and proximate result of Defendant's failure and refusal to comply with his contractual obligations under the Promissory Note, CECI has suffered damages, including the amounts due and owing under the Promissory Note.

43.    The amount of damages that CECI has suffered as a result of Defendant's breaches of the Franchise Agreements and Promissory Note exceeds $100,000.

## PRAYER FOR RELIEF

**WHEREFORE,** CECI respectfully prays for the following relief against Defendant:

A.    An Order directing Defendant to immediately perform his post-termination obligations under the Franchise Agreements, including, without limitation, his obligations to return to CECI all Operating Manuals and other confidential materials provided to Defendant in connection with the operation of his former C2® Educational Centers;

B.    An Order preliminarily and permanently enjoining Defendant, for a period of three (3) years from the date of any injunction or order issued herein, from having any interest, directly or indirectly, as a disclosed or beneficial owner, investor, partner, director, officer, employee in a management or sales capacity, consultant, representative or agent, or in any other capacity, in any Competitive Business (as that term is defined in the Cedar Park Franchise Agreement) operating (i) at 500 Cypress Creek Road, Suite 120, in Cedar Park, Texas, (ii) within twenty-five (25) miles of 500 Cypress Creek Road, Suite 120, in Cedar Park, Texas, or (iii) within five (5) miles of any other C2® Educational Centers in operation or under construction on the date of entry of the injunction;

C.    That Defendant be required to file with the Court and to serve upon CECI's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

D.      That Defendant pay to CECI such damages as CECI has sustained by reason of Defendant's breaches of the Franchise Agreements including, without limitation, amounts past due and owing to CECI and lost future royalties;

E.      That Defendant pay to CECI such damages as CECI has sustained by reason of Defendant's breaches of the Promissory Note;

F.      An award of the costs and expenses, including reasonable attorneys' fees, incurred by CECI in connection with this action as provided for by the parties' Franchise Agreements and Promissory Note; and

G.      Such other and further relief as the Court deems just and proper.

Dated: September 16, 2011.

                                        CAMBRIDGE EDUCATIONAL
                                        CENTERS, INC.

                                        By: _____
                                               One Of Its Attorneys

John J. Dwyer
**DLA PIPER LLP (US)**
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 773-4249
(703) 773-5060 (fax)

*Of Counsel:*

John F. Verhey
John A. Hughes
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
(312) 368-4000
(312) 236-7516 (fax)